IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RANDALL LAMONT ROLLE,

      Plaintiff,

v.                         Case No. 4:16-cv-425-RH-GRJ

MICHAEL DILMORE, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 12, Plaintiff's amended
complaint under 42 U.S.C. § 1983. Plaintiff, a *pro se* non-prisoner litigant,
initiated this case on July 13, 2016. He was thereafter granted leave to
proceed as a pauper. (ECF No. 4.)

The Court took judicial notice that Plaintiff initiated a case in July
2014, bringing claims against most of the same defendants he sues in this
case. (*Id.* (citing *Rolle v. Dilmore*, No. 4:14-cv-339-RH-CAS (N.D. Fla. July
2, 2014).) That case was dismissed on March 28, 2016, because Plaintiff's
claims were barred by the statute of limitations and his claim against
Officer Michael Dilmore was barred by qualified immunity. (*Id.*) The claims
against all defendants, except Officer Holly Lofland, were dismissed with

prejudice. (*Id.*) The claims against Officer Lofland were dismissed without prejudice for failing to timely serve Officer Lofland. *See* No. 4:14-cv-339-RH-CAS, ECF Nos. 53, 55.

Before amending the Complaint the Court reminded Plaintiff to carefully consider "(1) whether the claims and legal contentions of the instant complaint are warranted under existing law, (2) whether his factual contentions have evidentiary support, or (3) whether the claims are presented for an improper purpose 'such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.'" (*Id.* (quoting Fed. R. Civ. P. 11(b)).) The Court reminded Plaintiff that presenting a signed pleading to this Court certifies that the first two statements are true and that the third statement is not true. The court ordered Plaintiff to show good cause on or before November 18, 2016, as to why he should not be sanctioned under Fed. R. Civ. P. 11(c), by demonstrating he had filed a plausible and viable claim. (*Id.*)

The Court further noted that Plaintiff had not complied with Local Rule 5.6, which requires that a "party who files . . . a case must file a notice . . . if: (A) a case in this District that includes an identical claim—or a similar claim—between some or all of the same or related parties was previously terminated by any means; or (B) the new case involves issues

of fact or law in common with the issues in another case pending in the District." (*Id.* (quoting N.D. Fla. Loc. R. 5.6.).) The Court took judicial notice that Plaintiff had filed numerous prior cases involving the same facts and related facts against the same or some of the Defendants. Accordingly, Plaintiff was ordered to file the Local Rule 5.6 notice no later than November 18, 2016. The Court informed Plaintiff that no further action would be taken on his case until he complied with the Court's order. (*Id.*)

Plaintiff then filed a motion for extension of time because he was in custody at the Leon County Jail and did not have the requisite legal materials to comply with the Court's order. (ECF No. 5.) The Court granted Plaintiff's request and directed him to respond no later than January 20, 2017. (ECF No. 6.) Plaintiff then filed another motion for extension of time because he was still in custody at the Leon County Jail. (ECF No. 7.) The Court granted Plaintiff's request in part because Plaintiff had sufficient opportunity to comply with the Court's order within the four-month period of time since the Court's original order. (ECF No. 8.) Plaintiff was ordered to respond no later than February 27, 2017. (*Id.*) The Court informed Plaintiff that failure to comply with the Court's order will result in a recommendation that his case be dismissed. (*Id.*)

Then on February 27, 2017, Plaintiff filed a third motion for extension

of time. (ECF No. 10.) He requested an additional sixty (60) days to comply with the Court's orders because he was still in custody at the Leon County Jail and was "unable to provide the evidence and pleadings this Court has requested." (*Id.*)

The Court declined to grant an additional sixty days because the Court was not convinced that Plaintiff showed good cause for another sixty-day extension of time. (ECF No. 11.) Despite Plaintiff's custody status, the Court reminded Plaintiff that he initiated this case and it is his responsibility to comply with Court orders and move this case forward. It was also unclear why Plaintiff was unable to compose an amended complaint, explain why he should not be sanctioned, or obtain information regarding his previously filed case to file the requisite Local Rule 5.6 notice. Plaintiff apparently wanted to stay his case for an indefinite period of time until he is released from custody, whenever that may be. Consequently, the Court provided Plaintiff ten days (until March 13, 2017), in which to file his response, amended complaint, and Local Rule 5.6 notice. (*Id.*) Plaintiff was again reminded that failure to comply would result in a recommendation that his case be dismissed. The Court warned Plaintiff that no further extensions of time would be granted. (*Id.*)

On March 13, 2017, Plaintiff provided the instant amended complaint

to jail officials for mailing. (ECF No. 12.) The amended complaint is twelve pages long and attaches a four-page memorandum of law, as well as 18 pages of exhibits. Plaintiff's claims relate to his arrest on January 4, 2002, for driving under the influence ("DUI"). Plaintiff was subsequently charged with felony possession of cocaine with intent to sell, providing a false name, unlawful display of a driver's license, and driving under the influence. As defendants he names the following: (1) Officer Michael Dilmore; (2) Officer Holly Lofland; (3) Unknown Judge; (4) Assistant State Attorney Owen McCaul; (5) Judge James Hankinson; (6) Assistant State Attorney John Maceluch; and (7) defense counsel Kathleen Kirwin. (*Id.*)

The gist of Plaintiff claims is his contention there was no probable cause for his arrest or for any of his charges. Plaintiff says Defendants violated his Fourth, Sixth, and Fourteenth Amendment rights and were negligent under Florida law. Plaintiff seeks declaratory relief and an "[i]njunction requiring all people be given the opportunity to object to probable cause through counsel at First Appearance." (*Id.* at 9.)

As exhibits, Plaintiff attaches copies of various court filings and documents related to his January 4, 2002 arrest. (ECF No. 12-1.) Plaintiff has also filed a Local Rule 5.6 notice advising the Court of four prior cases (three in the Northern District of Florida and one in the Middle District of

Florida). He claims that all four of these prior cases were dismissed by the Court using "inadequate jurisdiction." (ECF No. 13.)

What Plaintiff's filing does not include, however, is an explanation as to why he should not be sanctioned under Rule 11(c). Moreover, Plaintiff's Local Rule 5.6 notice fails to acknowledge multiple other prior cases that raise the same claims based upon the same facts against the same Defendants. Perhaps Plaintiff was unable to provide a complete Local Rule 5.6 notice because he has simply lost track of all the cases he has previously filed. Despite having many other meritorious cases that require attention, the Court has nonetheless reviewed PACER, which discloses that since 2005 Plaintiff has filed eight cases related to the same facts and name some or all of the same Defendants as the present case. These cases are:

(1) *Rolle v. David*, No. 4:05-cv-334-MP-EMT (N.D. Fla. Sept. 13, 2005) (dismissing Plaintiff's claims without prejudice pursuant to a notice of voluntary dismissal on July 18, 2006, following a report and recommendation recommending his claims be dismissed with prejudice because his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and because Plaintiff nonetheless failed to state a claim for relief);

(2) *Rolle v. Tallahassee Police Dep't*, No. 4:06-cv-373-MP-WCS

(N.D. Fla. Aug. 1, 2006) (dismissing Plaintiff's claims without prejudice on December 22, 2006, for failure to state a claim and as *Heck*-barred);

(3) *Rolle v. Dilmore*, No. 4:07-cv-317-MP-WCS (N.D. Fla. July 19, 2007) (dismissing Plaintiff's claims without prejudice because Plaintiff was barred by 28 U.S.C. § 1915(g)'s three-strikes rule);

(4) *Rolle v. Dilmore*, No. 4:08-cv-456-SPM-WCS (N.D. Fla. Oct. 16, 2008) (dismissing Plaintiff's claims on July 1, 2009, as malicious, barred by the statute of limitations, *Heck*, absolute immunity, and for failure to state a claim);[1]

(5) *Rolle v. Dilmore*, No. 4:14-cv-339-RH-CAS (N.D. Fla. July 2, 2014) (dismissing Plaintiff's claims on March 28, 2016, against Mr. Maceluch, Judge Hankinson, Ms. Kirwin, and Officer Dilmore with prejudice for failure to state a claim, and against Officer Lofland without prejudice for failure to serve process);

(6) *Rolle v. Kirwin*, No. 4:14-cv-672-RH-GRJ (N.D. Fla. Dec. 15, 2014) (dismissing Plaintiff's claims on May 22, 2015, as barred by the statute of limitations, absolute immunity, and for failure to state a claim);

(7) *Rolle v. Maceluch*, No. 5:15-cv-191-JSM-PRL (M.D. Fla. Apr. 15,

---

[1] Although Plaintiff subsequently appealed the Court's dismissal, the Eleventh Circuit dismissed Plaintiff's appeal on October 21, 2009, as frivolous. No. 4:08-cv-456-SPM-WCS, ECF No. 43.

2015) (dismissing Plaintiff's claims on April 21, 2015 as frivolous because his claims were barred by res judicata and were otherwise without merit); and

(8) *Rolle v. Maceluch*, No. 5:15-cv-285-MMH-PRL (M.D. Fla. June 10, 2015) (dismissing Plaintiff's claims as frivolous because his claims were barred by res judicata, the statute of limitations, and were without merit).

Plaintiff's amended complaint is due to be dismissed for at least several reasons. As an initial matter, Plaintiff has failed to comply with the Court's order to show cause as to why he should not be sanctioned under Fed. R. Civ. P. 11(c). A district court has inherent power to control its docket, which includes dismissing a case. *Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 998 (11th Cir. 1983). The Court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order. Fed. R. Civ. P. 41(b). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967).

Based on the Court's review of Plaintiff's prior cases, it is evident that

the instant complaint was filed for an improper purpose. Plaintiff has repeatedly brought the same claims against the same defendants related to the same January 4, 2002 arrest. He has been advised repeatedly that his claims fail for various reasons. Plaintiff has also been warned repeatedly that his unrelenting challenges to these events are malicious and that he will be sanctioned if he continues to file future frivolous complaints. *See* No. 4:08-cv-456-SPM-WCS, ECF Nos. 20, 26; No. 5:15-cv-191-JSM-PRL, ECF No. 3; No. 5:15-cv-285-MMH-PRL, ECF No. 4. Plaintiff continues to disregard Court orders, which perhaps explains why Plaintiff failed to comply with the Court's order to show cause as to why he should not be sanctioned. The Court advised Plaintiff that failure to comply with its order to show cause would result in a recommendation that the case would be dismissed. Plaintiff, however, failed to comply. Accordingly, dismissal is an appropriate sanction.

Second, Plaintiffs claims are indeed and amendment would be futile. An action is frivolous or malicious where the allegations are clearly baseless, fanciful, fantastic, delusions, or without an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325–28 (1989); *see Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990) ("The expiration of the statute of limitations is an affirmative defense the

existence of which warrants a dismissal as frivolous."). "[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims against Officer Dilmore, Judge Hankinson, Mr. Maceluch, and Ms. Kirwin were dismissed with prejudice in Case No. 4:14-cv-339-RH-CAS. Plaintiff's claims against these Defendants arising from the same events are therefore barred by res judicata. *See In re Piper Aircraft Corp.*, 244 f.3d 1289, 1296 (11th Cir. 2001) (under the doctrine of res judicata, "a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action"). Plaintiff already has been informed that res judicata bars these claims. *See* No. 5:15-cv-285-MMH-PRL, ECF Nos. 4, 8. Plaintiff's claims against these defendants should therefore be dismissed.

Third, Plaintiff cannot state a claim for relief against the "unknown Judge" or against Mr. McCaul. A judge is entitled to absolute judicial immunity for all actions taken in his or her judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation omitted). Similarly, prosecutorial

immunity applies to a prosecutor's actions in acting as an advocate for the state, including initiating a prosecution, making appearances before the court, and presenting the state's case. *Hart v. Hodges*, 587 F.3d 1288, 1294–97 (11th Cir. 2009) (citations omitted). "Common law gives absolute immunity in § 1983 actions for activities that are 'intimately associated with the judicial phase of the criminal process.'" *Id.* at 1294 (11th Cir. 2009) (quoting *Van de Kamp v. Goldstein*, 555 U.S. 335 (2009)). Plaintiff's claims against "unknown Judge," relate to his or her determination that probable cause existed for Plaintiff's arrest based on the probable cause affidavits submitted to him or her. A judge's determination that probable cause exists for an arrest falls well within the realm of actions taken in his or her judicial capacity. Similarly, Plaintiff's claims against Mr. McCaul relate to his filing of the information charging Plaintiff with four counts. None of the allegations pertain to actions not intimately associated with the judicial phase of Plaintiff's criminal proceeding. Accordingly, Plaintiff's claims against these defendants should also be dismissed.

That leaves Plaintiff's claims against Officer Lofland. In his amended complaint, Plaintiff says Office Dilmore stopped Plaintiff for running a red light on January 4, 2002. (ECF No. 12 at 13.) Officer Dilmore smelled alcohol and Plaintiff admitted he drank one beer a few minutes prior, which

had sprayed all over Plaintiff's clothes upon opening. (*Id.* at 3–4.) Officer

Dilmore subjected Plaintiff to sobriety exercises, which Plaintiff claims he

passed, but Officer Dilmore, nonetheless, placed Plaintiff under arrest for

DUI. (*Id.* at 4.) A third-party arrived to drive Plaintiff's car home. (*Id.*) After

the third-party left the scene, the driver was pulled over and a subsequent

search of the vehicle revealed cocaine. (*Id.*)

Plaintiff was eventually placed in Officer Lofland's vehicle, taken to

Leon County Jail, and charged with DUI. (*Id.*) Officer Lofland then took

Plaintiff to a room for a Breathalyzer test. (*Id.*) Plaintiff refused to submit to

the test without an attorney. (*Id.* at 4–5.) Officer Lofland allegedly told

Plaintiff that if Plaintiff did not submit to the testing, Plaintiff would also be

charged with possession of cocaine. (*Id.* at 5.) Officer Lofland then radioed

Officer Dilmore and told Officer Dilmore Plaintiff admitted that the cocaine

was his. (*Id.*) Officer Lofland subsequently filed an arrest report and

affidavit in which she claimed Plaintiff failed the Breathalyzer test several

times, despite the fact that Plaintiff did not provide any samples and had

requested an attorney. (*Id.*)

In addition to his DUI charge, Plaintiff was also subsequently charged

with the other three charges: felony possession of cocaine with intent to

sell; providing a false name; and unlawful display of a driver's license. (*Id.*

at 6.) Plaintiff's first appearance was on January 5, 2002. (*Id.* at 5.)

Plaintiff says he eventually entered a plea to possession of cocaine, was adjudicated guilty on August 19, 2002, and was sentenced to a term of probation. (*Id.* at 6–7.) Plaintiff says there was no probable cause for the DUI charge because he passed all sobriety exercises and Officer Lofland fabricated the Breathalyzer test results. (*Id.*) He also says he never admitted to possessing the cocaine. (*Id.* at 7.)

The Court takes judicial notice of the petition for writ of habeas corpus under § 2254 that Plaintiff filed in this District challenging his August 19, 2002 conviction. *See Rolle v. McNeil*, No. 4:06-cv-293-SPM-WCS, ECF No. 1 (N.D. Fla. June 19, 2006).[2] In response to the petition, the state filed relevant portions of the state court record. *See id.*, ECF No. 37. Despite Plaintiff's allegations pertaining to his plea and conviction, the state court records evidence that Plaintiff entered a plea of nolo contendere on August 19, 2002, to all four charges, including DUI. *See id.*, ECF No. 37-2 at 5–6. He was thereafter adjudicated guilty of all four charges on August 19, 2002. *See id.* at 8. Plaintiff was sentenced to two

---

[2] Plaintiff's petition for writ of habeas corpus pursuant to § 2254 challenging his original conviction and subsequent violation of probation was denied with prejudice on April 23, 2009. *See* No. 4:06-cv-293-SPM-WCS, ECF Nos. 62, 67–68. A certificate of appealability was denied by both this Court and the Eleventh Circuit. *See id.*, ECF Nos. 74, 84. The Eleventh Circuit also denied Plaintiff's three subsequent requests to file a second or successive habeas corpus petition. *See id.*, ECF Nos. 85–87.

years probation on count one (possession of cocaine with intent to sell), and one year probation on count four (DUI), to run concurrent to count one. *See id.* at 9–17.

On October 30, 2002, Plaintiff's probation officer filed an affidavit of violation of probation, alleging that Plaintiff violated the conditions of his probation imposed on August 19, 2002, because Plaintiff allegedly possessed a firearm without prior authorization, committed attempted homicide in Leon County, Florida, on October 25, 2002, and possessed cocaine. *See id.* at 20–21. On May 8, 2003, Plaintiff's probation was revoked and he was sentenced to: (1) a term of ten years' imprisonment for his original possession of cocaine with intent to sell charge; and (2) a term of imprisonment of 198 days, with 198 days credit for time served, for his original DUI charge, to run concurrently. *See id.* at 22–31.

In his amended complaint, Plaintiff alleges Officer Lofland "acted maliciously and in great disregards to Plaintiff's constitutionally protected rights. Thus, [s]he is liable for h[er] gross negligence." (ECF No. 12 at 7.) Plaintiff further alleges Officer Lofland "subjected Plaintiff to [Fourth] Amendment arrest with probable cause violation where false statements were submitted in her affidavit and report as justification for Plaintiff's DUI arrest." (*Id.* at 11.) The Court construes Plaintiff's claims against Officer

Lofland as two separate claims: (1) a Fourth Amendment claim for false arrest for DUI; and (2) a negligence claim under Florida law.

Plaintiff raised the same Fourth Amendment claim—as well as others—against Officer Lofland in a previous case: No. 4:14-cv-339-RH-CAS. Plaintiff also argued in that same case, among other claims, that Officer Dilmore lacked probable cause to arrest Plaintiff for DUI. After screening that case, the Court discussed *Heck* and wrote:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

No. 4:14-cv-339-RH-CAS, ECF No. 12 at 3–4 (quoting *Heck*, 512 U.S. at 486–87.) The Court went on to discuss whether the *Heck* rule bars an action after a plaintiff has been released from custody:

> Whether *Heck* bars an action after the plaintiff has been released from custody is unsettled. *See Ferenc v. Haynes*,

4:10cv138-RH/WCS, 2010 WL 4667569 (N.D. Fla. Nov. 9,
2010) (collecting cases). In *Spencer v. Kemna*, 523 U.S. 1
(1998), five justices said that an action is not barred if the
plaintiff cannot seek relief in habeas because the plaintiff is not
in custody. 523 U.S. at 19 (Souter, J., concurring for four
justices); *id*. at 25 (Stevens, J., dissenting) (agreeing with
Justice Souter on this point). *See also Muhammad v. Close*,
540 U.S. 749 n.2 (2004) ("Members of the Court have
expressed the view that unavailability of habeas for other
reasons may also dispense with the *Heck* requirement.")

The Eleventh Circuit has given conflicting signals on this issue.
In *Harden v. Pataki*, 320 F.3d 1289 (11th Cir. 2003), the court
held *Heck* did not apply on the facts, but then, citing *Spencer*,
said *Heck* did not apply for a "second reason"—that *Heck* does
not bar an action if a habeas remedy is unavailable. In *Abusaid
v. Hillsborough County Board of County Commissioners*, 405
F.3d 1298, 1315 n.9 (11th Cir. 2005), the court again cited
*Spencer* but this time said, "Our Court has not yet weighed in
on this issue." To the same effect is *Christy v. Sheriff of Palm
Beach County, Florida*, 288 F. App'x 658, 666 (11th Cir. 2008).
In unpublished decisions, though, the Eleventh Circuit has
applied *Heck* to plaintiffs who were not in custody. *See Vickers
v. Donahue*, 137 F. App'x 285, 287 (11th Cir. 2005); *cf. Koger
v. Florida*, 130 F. App'x 327 (11th Cir. 2005) (addressing a
traffic offense for which the defendant almost surely was not in
custody).

*Id.* at 4–5.

The Court then explained that Plaintiffs claims against Officer

Dilmore and Officer Lofland might fall into two categories: (1) claims that

could succeed even if the state-court conviction was valid; and (2) claims

that could succeed only if the state-court conviction was invalid. *Id.* at 6.

Nonetheless, a claim that could succeed even if the state-court conviction

was invalid—and therefore not barred by *Heck*—would be "plainly barred by the four-year statute of limitations" for a § 1983 claim. *Id.* Similarly, a claim that could succeed only if the state-court conviction was invalid, was barred by *Heck*, "at least while Mr. Rolle was in custody as custody is defined for habeas purposes." *Id.* The Court explained, "[c]ustody for this purpose is not limited to physical custody; it includes also periods of post-release supervision." *Id.*

Because it was unclear from the face of the complaint whether Plaintiff was still under supervision as a result of the conviction at issue, the Court directed service of the complaint upon Officer Dilmore and Officer Lofland. *Id.* at 7–8; ECF No. 15. Service, however, was never effectuated on Officer Lofland because her whereabouts were unknown. *Id.*, ECF No. 53. Officer Dilmore was served and then filed a motion to dismiss, raising collateral estoppel and qualified immunity and arguing that Plaintiff failed to state a claim for relief. *Id.*, ECF No. 38.

The magistrate judge in his report and recommendation concluded that Officer Dilmore had probable cause to arrest Plaintiff on January 4, 2002 for providing a false name, or otherwise falsely identifying himself to a law enforcement officer, in violation of Fla. Stat. § 901.36(1), as well as displaying a false identification, in violation of Fla. Stat. § 322.32(3),

because Plaintiff admitted in the complaint that he handed Officer Dilmore his brother's driver's license and not his own. *Id.*, ECF No. 53 at 12–13. Additionally, the magistrate judge in that case held that Officer Dilmore also had probable cause to arrest Plaintiff for DUI because Plaintiff alleged in his complaint that Officer Dilmore detected the odor of alcohol. *Id.* at 13. But, because Officer Dilmore already had concluded there was probable cause to arrest Plaintiff for producing his bother's license, Plaintiff's claim pertaining to lack of probable cause to arrest for DUI was nonetheless precluded. *Id.* (citing *Lee v. Ferraro*, 284 F.3d 1188, 1196 (11th Cir. 2002) ("Under federal and state law, 'the validity of an arrest does not turn on the offense announced by the officer at the time of the arrest.'"). The magistrate judge summarized: "Put another way, it does not matter that Mr. Rolle was charged with other charges when there was probable cause to arrest him for at least one charge." *Id.* at 14. The magistrate judge further concluded that the impoundment of the vehicle was permissible, and therefore, so was the subsequent inventory search from which the cocaine was discovered. *Id.* at 16–17. Accordingly, there was also probable cause to charge Plaintiff with possession of cocaine with intent to sell. *Id.* at 17.

The magistrate judge recommended that Plaintiff's claims against Officer Dilmore be dismissed for failure to state a claim. *Id.* at 18. The

magistrate judge also recommended that Plaintiff's claims against Officer Lofland be dismissed for failure to serve process. *Id.* at 2. The district judge thereafter adopted the report and recommendation on March 28, 2016,and dismissed the claims against Officer Dilmore with prejudice and dismissed the claims against Officer Lofland without prejudice. *Id.*, ECF Nos. 55–56. Although Plaintiff appealed, the Eleventh Circuit dismissed the appeal on August 23, 2016, for want of prosecution because Plaintiff failed to timely file an appellant's brief. *Id.*, ECF Nos. 57, 62.

Despite Plaintiff's unrelenting persistence, his claims against Officer Lofland fail and should be dismissed. First, to the extent Plaintiff's Fourth Amendment claim is one alleging he was falsely arrested because there was no probable cause to arrest him for DUI, his claim is precluded by the doctrine of collateral estoppel. "Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). To apply the doctrine of collateral estoppel, (1) "the issue at stake [must] be identical to the one involved in the prior litigation," (2) "the issue [must] have been actually litigated in the prior litigation," and (3) "the determination of the issue in the prior litigation [must] have been a critical

and necessary part of the judgment in that earlier action." *Deweese v. Town of Palm Beach*, 688 F.2d 731, 733 (11th Cir. 1982) (citing *Stovall v. Price Waterhouse Co.,* 652 F.2d 537, 540 (5th Cir. 1981)).

The Court previously determined that there was in fact probable cause to arrest Plaintiff for DUI on January 4, 2002. *See* No. 4:14-cv-339-RH-CAS, ECF No. 53 at 13–14, 18; ECF Nos. 55–56. And even if there was not probable cause to arrest Plaintiff for DUI, there was nonetheless probable cause to arrest Plaintiff for at least one other charge. *See id.* The determination that there was probable cause to arrest Plaintiff for DUI was surely a critical and necessary part of the judgment in that case because that determination resolved Plaintiff's claim against Officer Dilmore alleging Officer Dilmore violated Plaintiff's Fourth Amendment rights by arresting him for DUI without probable cause. It is irrelevant that the analysis and judgment in the prior case pertained to Officer Dilmore, not Officer Lofland. Plaintiff raised the same claim in that case against Officer Lofland—lack of probable cause to arrest him for DUI—that he does here. Officer Lofland could not have violated Plaintiff's Fourth Amendment rights for arresting Plaintiff for DUI without probable cause when there was probable cause to

arrest Plaintiff for DUI.[3]

Second, Plaintiff's false arrest claim against Officer Lofland is barred by the statute of limitations. A court may dismiss a claim on statute of limitations grounds if it is apparent from the face of the complaint that the claim is time-barred. *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004). In Florida, " a plaintiff must commence a § 1983 claim . . . within four years of the allegedly unconstitutional or otherwise illegal act." *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999).

Plaintiff's false arrest claim accrued on January 5, 2002, when he

_____

[3] Plaintiff does not bring a malicious prosecution claim against Officer Lofland, or any of the Defendants. Even if he had, however, his claim would fail. "To establish a federal malicious prosecution claim under § 1983, a plaintiff must prove (1) the elements of the common law tort of malicious prosecution, and (2) a violation of her Fourth Amendment right to be free from unreasonable seizures." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004) (citing *Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003), *cert. denied*, 540 U.S. 879 (2003)).

> Under Florida law, a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding.

*Id.* (citing *Durkin v. Davis*, 814 So. 2d 1246, 1248 (Fla. Dist. Ct. App. 2002)). Plaintiff was adjudicated guilty of DUI and has repeatedly failed to overturn that conviction. Furthermore, as discussed, the Court previously determined that there was probable cause to arrest Plaintiff for DUI. Thus, even if Plaintiff had asserted a malicious prosecution claim against Officer Lofland, his claim would nonetheless fail.

had his initial appearance. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007) (holding that the statute of limitations on a § 1983 false arrest claim commenced when the defendant has his initial appearance on the charges). Whether or not *Heck* was implicated, Plaintiff was required to file his false arrest claim by January 5, 2006. *See id.* at 393–94 ("If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."); *Watts v. Epps*, 475 F. Supp. 2d 1367, 1369 (N.D. Ga. 2007) ("Regardless of its potential effect on pending or future criminal proceedings, a plaintiff must file a § 1983 action within the relevant limitations period."). Plaintiff's false arrest claim against Officer Lofland, therefore, has been time-barred for more than eleven years.[4]

Moreover, because Plaintiff was sentenced to 198 days time served for the DUI conviction when his probation was revoked on May 8, 2003, it appears that Plaintiff is no longer "in custody" for purposes of habeas relief. Thus, even if *Heck* would not bar Plaintiff's action because he is no longer

---

[4] Notably, although Plaintiff first attempted to bring a false arrest claim against Officer Lofland in September 2005, Plaintiff voluntarily dismissed his claims. *See* No. 4:05-cv-334-MP-EMT. Plaintiff's next lawsuit pertaining to his January 4, 2002 arrest and Officer Lofland was not filed until August 2006. *See* No. 4:06-cv-373-MP-WCS.

"in custody" for the DUI conviction, his claim would nonetheless be time-barred.

Likewise, to the extent Plaintiff brings a negligence claim against Officer Lofland, that claim is also barred by the statute of limitations. Under Florida law, the statute of limitations for negligence actions is four years. *See* Fla. Stat. § 95.11(3). "A cause of action accrues when the last element constituting the cause of action occurs." *Id.* § 95.031(1); *see also Clay Elec. Coop., Inc. v. Johnson*, 873 So. 2d 1182, 1185 (Fla. 2003) (the last element of a negligence cause of action is actual loss or damage). Presumably, Plaintiff's negligence claim as it relates to his January 4, 2002 arrest accrued, at the absolute latest, in August 2002 when he was sentenced to a term of probation. Plaintiff's negligence claim therefore also has been time-barred for more than ten years. In sum, all of Plaintiff's claims in this case are frivolous, cannot be cured by amendment, and warrant dismissal.

Furthermore, § 1915(a) permits federal courts to "authorize the commencement, prosecution or defense of any suit . . . or appeal therein, without prepayment of fees." Nonetheless, § 1915(e)(2) requires federal courts to dismiss "frivolous or malicious" cases. United States Supreme Court cases further suggest that a court may deny in forma pauperis status

prospectively. *Hurt v. Soc. Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008)

(revoking appellant's IFP privilege and directing the Clerk to refuse to

accept any more of appellant's civil appeals that are not accompanied by

the appropriate filing fees).

> For example, in *In re McDonald*, 489 U.S. 180, 109 S.Ct. 993,
> 103 L.Ed.2d 158 (1989) (per curiam), the Court directed its
> Clerk not to process unpaid extraordinary writ petitions from a
> particularly abusive litigant, explaining, "[e]very paper filed with
> the Clerk of this Court, no matter how repetitious or frivolous,
> requires some portion of the institution's limited resources. A
> part of the Court's responsibility is to see that these resources
> are allocated in a way that promotes the interests of justice." *Id.*
> at 184, 109 S.Ct. 993. Importantly, the *McDonald* Court made
> this decision after analyzing section 1915(a) . . . . *Id.* at 183–84,
> 109 S.Ct. 993. Since *McDonald*, the Supreme Court has
> regularly issued blanket prohibitions against granting IFP status
> for non-criminal petitions from abusive filers, *see, e.g.*,
> *Al–Hakim v. Publix Supermarkets*, —— U.S. ——, 128 S.Ct.
> 712, 169 L.Ed.2d 550 (2007) (per curiam); *Martin v. D.C. Court
> of Appeals*, 506 U.S. 1, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992)
> (per curiam), and other circuits have relied on the Court's
> pronouncements in prospectively denying IFP status to abusive
> litigants, *see, e.g.*, *Visser v. Supreme Court of Cal.*, 919 F.2d
> 113, 114 (9th Cir.1990) (order); *Maxberry v. SEC*, 879 F.2d
> 222, 224 (6th Cir.1989) (per curiam). Finally, in 1996, Congress
> amended 28 U.S.C. § 1915 to prevent prisoners who have filed
> three frivolous, malicious or meritless claims from proceeding
> IFP in future cases unless they are "under imminent danger of
> serious physical injury." *See* Prison Litigation Reform Act,
> Pub.L. No. 104–134 §§ 801–10, 110 Stat. 1321 (1996). If such
> a rule is appropriate for prisoners, who are severely limited in
> their ability to earn money to pay filing fees, surely it is
> permissible for similarly vexatious non-incarcerated litigants.

*Id.*

The Eleventh Circuit has further explained:

> The right of access to the courts "is neither absolute nor unconditional." . . . . Conditions and restrictions on each person's access are necessary to preserve the judicial resources for all other persons. Frivolous and vexatious lawsuits threaten the ability of a well-functioning judiciary to all litigants. . . . . Absent monetary costs as a constraint, the sheer volume of frivolous IFP suits threatens to undermine the availability of the federal courts to the public. To counter such threat and to protect its jurisdiction, the district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants. Reimposing financial considerations in the form of filing fees on indigent litigants is one way the courts can fulfill their "constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."

*Id.* (internal citations omitted). Nonetheless, any injunction imposed on an indigent *pro se* litigant must not go beyond what is sufficient to protect the district court's jurisdiction from the litigant's repetitive filings related to the particular issue at hand, thereby upholding the litigant's general right of access to the courts. *Id.* at 1097–99; *see also In re Martin-Trigona*, 737 F.2d 1254, 1262–63 (2d Cir. 1984) (holding that district court properly issued injunction prohibiting vexatious litigant from further litigation in federal court without prior leave of court). This Court has followed this authority in at least one other case, whereby a vexatious litigant's IFP status was revoked and the Clerk was directed to refuse any future filings unless accompanied by the full filing fee. *See Johnson v. Irby*, No. 1:09-cv-

3-MP-AK, 2009 WL 1973510, at *1 (N.D. Fla. July 8, 2009); *see also Bethel v. Bosch*, No. 10-651-WS-M, 2010 WL 5014752, at *6–7 (S.D. Ala. Dec. 2, 2010) (prohibiting plaintiffs from filing any new lawsuits without prior judicial review and approval).

Plaintiff has repeatedly failed to heed warnings that sanctions may be imposed if he continues to abuse the judicial process by filing frivolous complaints.[5] The filing of frivolous complaints requires the Court to waste valuable judicial resources that could and should be spent on the many other meritorious cases pending before the Court. Plaintiff has filed the same case over and over despite the Court advising him numerous time the reasons his claims fail. Plaintiff repeatedly has ignored the Court's orders and continues to consume the Court's limited resources with

---

[5] *See* No. 4:08-cv-456-SPM-WCS, ECF No. 26 at 2 ("Plaintiff's repeated legal challenges regarding the same events and against these same Defendants are a waste of the Court's time and also malicious."); No. 5:15-cv-191-JSM-PRL, ECF No. 3 at 6 ("Plaintiff is hereby warned that pursuant to Federal Rule of Civil Procedure 11 the Court may enter monetary or other sanctions against a party for filing or pursuing frivolous actions. The Court has already dismissed an action previously filed in this district as frivolous and duplicative of claims filed in the Northern District and dismissed on the merits. Plaintiff's frivolous filings impinge upon the Court's responsibility to allocate its limited resources in the interests of justice. In the event Plaintiff continues filing such frivolous actions, he may be subject to sanctions pursuant to Rule 11."); No. 5:15-cv-285-MMH-PRL, ECF No. 4 at 5 ("Plaintiff is advised that if he files such frivolous actions in the future, he shall be subject to sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure. In addition, Plaintiff may be deemed an abusive filer, Plaintiff's in forma pauperis status may be denied prospectively, and the Clerk may be directed to refuse to accept any further filings from Plaintiff absent the full filing fee.").

frivolous complaints. Plaintiff has been pursuing the same claims against the same Defendants arising from the same facts for the past twelve years via nine separate cases, including the instant case. Other courts have tried to prevent Plaintiff from pursuing the same course of action via warnings that sanctions may be imposed, yet Plaintiff persists. It is time that Plaintiff's abuse of the judicial process with respect to his January 4, 2002 arrest comes to an end.

Plaintiff's claims in this case are frivolous and due to be dismissed. Because Plaintiff has also failed to show cause as to why he should not be sanctioned for filing yet another frivolous complaint, and in light of Plaintiff's frivolous filings and abuse of the judicial process, the undersigned recommends that the Court direct the Clerk to refuse any further civil filings by Plaintiff in this District related to his January 4, 2002 arrest and subsequent conviction (notwithstanding any cases currently pending)[6] unless the filing is either accompanied by the full filing fee or upon prior judicial review and approval.

---

[6] Plaintiff currently has three other cases pending before this Court: (1) *Rolle v. City of Tallahassee Fla.*, No. 4:16-cv-50-RH-GRJ (N.D. Fla. Jan. 27, 2016) (asserting claims related to Plaintiff's October 25, 2002 arrest, subsequent conviction, and revocation of probation); (2) *Rolle v. Perry*, No. 4:16-cv-426-RH-GRJ (N.D. Fla. July 13, 2016) (asserting claims related to Plaintiff's October 25, 2002 arrest and subsequent conviction); and (3) *Rolle v. Glenn*, No. 4:17-cv-134-MW-CAS (N.D. Fla. Mar. 17, 2017) (asserting claims related to Plaintiff's arrests in 2015 and 2016 on violations of probation and subsequent revocation proceedings).

Accordingly, it is respectfully **RECOMMENDED** that:

1.      This case should be **DISMISSED** as frivolous pursuant to §
        1915(e)(2)(B).

2.      The Clerk should be directed to refuse any further civil filings by
        Plaintiff related to his January 4, 2002 arrest and subsequent
        conviction unless the filing is either accompanied by the full
        filing fee or upon prior judicial review and approval.

**IN CHAMBERS**, this 3rd day of May, 2017.

*s/ Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

**Objections to these proposed findings and recommendations
must be filed within fourteen (14) days after being served a copy
thereof. <u>Any different deadline that may appear on the electronic
docket is for the court's internal use only, and does not control.</u> A
copy of objections shall be served upon all other parties. If a party
fails to object to the magistrate judge's findings or recommendations
as to any particular claim or issue contained in a report and
recommendation, that party waives the right to challenge on appeal
the district court's order based on the unobjected-to factual and legal
conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**